# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRENCHIE JOHNSON | : | |
| Plaintiff, | : | |
| v. | : | Case No.: 8:21-cv-00799 |
| FEDCHOICE CREDIT UNION SERVICE ORGANIZATION, LLC *et al.* | : | |
| Defendants. | : | |

## EXPERIN INFORMATION SOLUTIONS, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to the Complaint, states as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations as they relate to any other defendants or the actions of third parties and therefore denies the same. Experian further states that its investigation of the present matter is ongoing. Accordingly, Experian reserves the right to amend this answer. In response to the numbered paragraphs in the Complaint, Experian states as follows:

### PRELIMINARY STATEMENT

1. In response to paragraph 1 of the Complaint, Experian states that paragraph 1 contains allegations to which no response is required. To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 1 of the Complaint.

2. In response to paragraph 2 of the Complaint, Experian states that paragraph 2 contains allegations to which no response is required. To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 2 of the Complaint.

3. In response to paragraph 3 of the Complaint, Experian states that paragraph 3 contains allegations to which no response is required. To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 3 of the Complaint.

4. In response to paragraph 4 of the Complaint, Experian states that paragraph 4 contains allegations to which no response is required. To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, Experian admits that Plaintiff purports to set forth portions of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681 *et seq*., which speaks for itself, and denies any allegations inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 5 of the Complaint.

6. In response to paragraph 6 of the Complaint, Experian states that paragraph 6 contains allegations to which no response is required. To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 6 of the Complaint.

7. In response to paragraph 7 of the Complaint, Experian states that paragraph 7 contains allegations to which no response is required. To the extent the Court deems any answer

to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 7 of the Complaint.

8. In response to paragraph 8 of the Complaint, Experian admits that Plaintiff purports to set forth portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 8 of the Complaint.

9. In response to paragraph 9 of the Complaint, Experian denies it harmed Jeffrey Bartz [sic] or Plaintiff either willfully or negligently and denies that it violated the common law or the FCRA. As to the allegations pertaining to the other defendant, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies the same.

## JURISDICTION

10. In response to paragraph 10 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction pursuant to the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1367. Experian states that this is a legal conclusion, which is not subject to denial or admission.

## PARTIES

11. In response to paragraph 11 of the Complaint, Experian admits that, upon information and belief, Plaintiff is a natural person and "consumer" as defined by 15 U.S.C. § 1681a(c). Except as specifically admitted, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 11 of the Complaint.

12. In response to paragraph 12 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 12 of the Complaint and therefore denies the same.

13. In response to paragraph 13 of the Complaint, Experian admits that it is an Ohio corporation with its principal place of business in Costa Mesa, California, and that it is qualified to do business and conducts business in the State of Maryland.

14. In response to paragraph 14 of the Complaint, Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).

15. In response to paragraph 15 of the Complaint, Experian admits that it issues consumer reports as defined by 15 U.S.C. § 1681a(d).

## FACTUAL ALLEGATIONS

16. In response to paragraph 16 of the Complaint, Experian states that paragraph 16 contains allegations to which no response is required. To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 16 of the Complaint.

17. In response to paragraph 17 of the Complaint, Experian states that paragraph 17 contains allegations to which no response is required. To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 17 of the Complaint.

18. In response to paragraph 18 of the Complaint, Experian states that paragraph 18 contains allegations to which no response is required. To the extent the Court deems any answer

to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 18 of the Complaint.

19. In response to paragraph 19 of the Complaint, Experian admits that Plaintiff purports to summarize portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 19 of the Complaint.

20. In response to paragraph 20 of the Complaint, Experian states that paragraph 20 contains allegations to which no response is required. To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 20 of the Complaint.

21. In response to paragraph 21 of the Complaint, Experian states that paragraph 21 contains allegations to which no response is required. To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 21 of the Complaint.

22. In response to paragraph 22 of the Complaint, Experian admits that Plaintiff purports to describe the legal obligations placed on furnishers by the FCRA, which speaks for itself, and denies any allegations inconsistent therewith. In response to the remaining allegations of paragraph 22, Experian states that no response is required. To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every remaining allegation of paragraph 22 of the Complaint.

23. In response to paragraph 23 of the Complaint, Experian states that paragraph 23 contains allegations to which no response is required. To the extent the Court deems any answer

to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 23 of the Complaint.

24. In response to paragraph 24 of the Complaint, Experian states that paragraph 24 contains allegations to which no response is required. To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 24 of the Complaint.

25. In response to paragraph 25 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 25 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

26. In response to paragraph 26 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

27. In response to paragraph 27 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained therein and therefore denies the same.

29. In response to paragraph 29 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

30. In response to paragraph 30 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## BALANCE DUE INACCURACY

31. In response to paragraph 31 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 31 that relate to the other defendant, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

32. In response to paragraph 32 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 32 that relate to the other defendant, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

33. In response to paragraph 33 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

34. In response to paragraph 34 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

35. In response to paragraph 35 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

36. In response to paragraph 36 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1681e(b) BY EXPERIAN

37. In response to paragraph 37 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 36 of the Complaint as if fully set out herein.

38. In response to paragraph 38 of the Complaint, Experian admits that Plaintiff purports to set forth portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.

39. In response to paragraph 39 of the Complaint, Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA.

40. In response to paragraph 40 of the Complaint, Experian admits that Plaintiff purports to set forth portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.

41. In response to paragraph 41 of the Complaint, Experian admits that Plaintiff purports to set forth portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.

42. In response to paragraph 42 of the Complaint, Experian admits that Plaintiff purports to set forth portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.

43. In response to paragraph 43 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

44. In response to paragraph 44 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

45. In response to paragraph 45 of the Complaint, Experian states that paragraph 45 contains allegations to which no response is required. To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 45 of the Complaint.

46. In response to paragraph 46 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

47. In response to paragraph 47 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

48. In response to paragraph 48 of the Complaint, Experian admits that Plaintiff purports to describe portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 48 of the Complaint.

49. In response to paragraph 49 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

50. In response to paragraph 50 of the Complaint, Experian admits that Plaintiff purports to describe portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 50 of the Complaint.

51. In response to paragraph 51 of the Complaint, Experian denies that its conduct, action, or inaction was willful or negligent. Experian denies, generally and specifically, each and every remaining allegation of paragraph 51 of the Complaint.

52. In response to paragraph 52 of the Complaint, Experian denies that Plaintiff suffered any damages as a result of Experian. Experian further denies, generally and specifically, each and every remaining allegation of paragraph 52 of the Complaint that relates to Experian.

53. In response to paragraph 53 of the Complaint, Experian denies that Plaintiff suffered any damages as a result of Experian. Experian further denies, generally and specifically, each and every remaining allegation of paragraph 53 of the Complaint that relates to Experian.

54. In response to paragraph 54 of the Complaint, Experian denies that its conduct, action or inaction was willful or negligent. Experian further denies that Experian is entitled to any damages or attorneys' fees whatsoever pursuant to 15 U.S.C. § 1681o from Experian. Experian denies, generally and specifically, each and every remaining allegation of paragraph 54 of the Complaint that relates to Experian.

55. In response to paragraph 55 of the Complaint, Experian denies that its conduct, action or inaction was willful or negligent. Experian further denies that Plaintiff is entitled to any damages or attorneys' fees whatsoever pursuant to 15 U.S.C. § 1681n from Experian. Experian denies, generally and specifically, each and every remaining allegation in paragraph 55 of the Complaint.

56. In response to paragraph 56 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1681i BY EXPERIAN

57. In response to paragraph 57 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 56 of the Complaint as if fully set out herein.

58. In response to paragraph 58 of the Complaint, Experian admits that Plaintiff purports to set forth portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.

59. In response to paragraph 59 of the Complaint, Experian admits that Plaintiff purports to set forth portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.

60. In response to paragraph 60 of the Complaint, Experian admits that Plaintiff purports to set forth portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.

61. In response to paragraph 61 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.

62. In response to paragraph 62 of the Complaint, Experian denies that its conduct, action or inaction was willful or negligent. Experian denies, generally and specifically, each and every remaining allegation of paragraph 62 of the Complaint that relates to Experian.

63. In response to paragraph 63 of the Complaint, Experian states that the allegations are so vague and ambiguous as pled that Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis Experian denies, generally and specifically, each and every allegation of paragraph 63 of the Complaint.

64. In response to paragraph 64 of the Complaint, Experian states that the allegations are so vague and ambiguous as pled that Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis Experian denies, generally and specifically, each and every allegation of paragraph 64 of the Complaint.

65. In response to paragraph 65 of the Complaint, Experian denies that Plaintiff suffered any damages as a result of Experian. Experian further denies, generally and specifically, each and every remaining allegation of paragraph 65 of the Complaint.

66. In response to paragraph 66 of the Complaint, Experian denies that Plaintiff suffered any damages as a result of Experian. Experian further denies, generally and specifically, each and every remaining allegation of paragraph 66 of the Complaint.

67. In response to paragraph 67 of the Complaint, Experian denies that its conduct, action or inaction was willful or negligent. Experian further denies that Plaintiff is entitled to any damages or attorneys' fees whatsoever pursuant to 15 U.S.C. § 1681o from Experian. Experian denies, generally and specifically, each and every remaining allegation of paragraph 67 of the Complaint.

68. In response to paragraph 68 of the Complaint, Experian denies that its conduct, action or inaction was willful or negligent. Experian further denies that Plaintiff is entitled to any damages or attorneys' fees whatsoever pursuant to 15 U.S.C. § 1681n from Experian. Experian denies, generally and specifically, each and every remaining allegation of paragraph 68 of the Complaint.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1681s-2(b) BY FEDCHOICE

69. The claims set forth in Paragraphs 69-73 of the Complaint are not asserted against Experian thus no response is required. To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies the same.

## COUNT IV
## DEFAMATION BY FEDCHOICE

70. The claims set forth in Paragraphs 74-82 of the Complaint are not asserted against Experian thus no response is required. To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies the same.

## PRAYER FOR RELIEF

In response to the unnumbered paragraph in the Complaint beginning "WHEREFORE," Experian denies, generally and specifically, that Plaintiff is entitled to judgment against or any relief whatsoever from Experian.

## JURY TRIAL DEMANDED

Experian admits that Plaintiff has demanded a trial by jury on all issues so triable. Experian states that the propriety of this demand is a legal conclusion not subject to denial or admission.

## DEFENDANT EXPERIAN'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
### (Truth/Accuracy of Information)

Plaintiff's claims fail to the extent that they are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE
### (Compliance/Good Faith)

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Experian acted in good faith and complied fully with the FCRA and relevant state laws and has followed reasonable procedures to assure the maximum possible accuracy of its credit reports.

## FOURTH AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons and/or other parties over whom Experian had neither control nor responsibility.

## FIFTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

## SIXTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiff's claim for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, Experian states that punitive damages violate its constitutional rights under the Constitution of the United States of America and the Constitution of Maryland.

## SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

Plaintiff's claims fail to the extent that they are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p or by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE
### (Indemnification)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff has failed to mitigate his damages.

## TENTH AFFIRMATIVE DEFENSE
### (Contributory/Comparative Fault)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Immunity)

Plaintiff's defamation claims are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## TWELFTH AFFIRMATIVE DEFENSE
### (Preemption)

Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Right To Assert Additional Defenses)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: June 11, 2021

**SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A.**

/s/ Joy C. Einstein
Joy C. Einstein, Bar No. 19325
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854-6803
Telephone: (301) 945-9250
Facsimile: (301) 230-2891
Email: jeinstein@shulmanrogers.com

*Counsel for Defendant Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 11, 2021, I served via ECF a copy of the foregoing Answer and Affirmative Defenses to the following:

Kevin Williams
Law Office of Kevin Williams, LLC
8402 Colesville Road, Suite 1100
*Counsel for Plaintiff*

                                          /s/ Joy C. Einstein
                                          Joy C. Einstein