**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

———————————————————

| | |
|---|---|
| **FRENCHIE JOHNSON,** | ) |
| | ) |
| *Plaintiff,* | ) |
| **v.** | )        **Civil Action No. 8:21-cv-799** |
| | ) |
| **FEDCHOICE CREDIT UNION** | ) |
| **SERVICE ORGANIZATION, LLC,** *et al.***,** | ) |
| | ) |
| *Defendants***.** | ) |

———————————————————)

## ANSWER OF DEFENDANT FEDCHOICE

Defendant FedChoice Federal Credit Union, named incorrectly as FedChoice Credit Union

Service Organization, LLC ("FedChoice"), by counsel, answers the Complaint filed by Plaintiff

Frenchie Johnson ("Johnson" or "Plaintiff") against FedChoice and its co-defendant, Experian

Information Solutions, Inc. ("Experian"), as follows:

## PRELIMINARY STATEMENT

1.      The allegations of  Paragraph 1 do not refer to FedChoice and are therefore neither

admitted nor denied.

2.      The allegations of  Paragraph 2 do not refer to FedChoice and are therefore neither

admitted nor denied.

3.      The allegations of Paragraph 3 do not refer to FedChoice and are therefore neither

admitted nor denied.

4.      The allegations of Paragraph 4 do not refer to FedChoice and are therefore neither

admitted nor denied.   The second "sentence" is a sentence fragment that cannot be either admitted

or denied.

5.      The allegations of Paragraph 5 contain legal conclusions and a statute that speaks for itself, to which no response is required of FedChoice.

6.      The allegations in Paragraph 6 comprise quoted statutory text which speaks for itself and to which no response is required of FedChoice.

7.      The allegations in Paragraph contain legal conclusions, a statutory reference, and relate to the content of a Court opinion, each of which speak for themselves and to which no response is required of FedChoice.

8.      The allegations in Paragraph 8 do not refer to FedChoice and are therefore neither admitted nor denied

9.      The allegations of Paragraph 9 contain a characterization of the Complaint, as to which no response is required of FedChoice.   The allegations of Paragraph 9 state that someone named Jeffrey Bartz is the Plaintiff and seeks relief against FedChoice, which FedChoice denies.

## JURISDICTION

10.     FedChoice admits this Court has subject matter jurisdiction.

## PARTIES

11.     FedChoice lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations Paragraph 11.   On information and belief, FedChoice does not deny that Plaintiff is a "consumer.".

12.     The allegations of Paragraph 12 are denied.  FedChoice Credit Union Service Organization, LLC, is a "CUSO" operated in conjunction with FedChoice Federal Credit Union, but named plaintiff FedChoice Credit Service Organization, LLC, has had no interaction with Plaintiff; is neither a "furnisher" not a "Credit Reporting Agency" ("CRA") under the Fair Credit Reporting Act ("FCRA"), and denies that it has taken any of the actions pled against FedChoice

in the Complaint.  FedChoice Federal Credit Union is a federally-chartered, member-owned, not-for-profit credit union with its headquarters in the State of Maryland.

13.     The allegations in Paragraph 13 do not refer to FedChoice and are therefore neither admitted nor denied

14.     The allegations in Paragraph 14 do not refer to FedChoice and are therefore neither admitted nor denied, save that FedChoice admits on information and belief that Defendant Experian is a CRA

15.     The allegations in Paragraph 15 do not refer to FedChoice and are therefore neither admitted nor denied, although FedChoice admits those allegations on information and belief.

## FACTUAL ALLEGATIONS

16.     The allegations in Paragraph 16 are generalized, unspecific, vague, contain legal conclusions, and do not specifically relate to FedChoice or its actions, and are therefore neither admitted nor denied.

17.     The allegations in Paragraph 17 are generalized, unspecific, vague, contain legal conclusions, and do not specifically relate to FedChoice or its actions, and are therefore neither admitted nor denied

18.     The allegations in Paragraph 18 are generalized, unspecific, vague, contain legal conclusions, and do not specifically relate to FedChoice or its actions, and are therefore neither admitted nor denied.

19.     The allegations in Paragraph 19 state a conclusion of law as to which no response is required.

20.     The allegations in Paragraph 20 are generalized, unspecific, vague, contain legal conclusions, and do not specifically apply to FedChoice or its actions, and are therefore neither admitted nor denied.

21.     The allegations in Paragraph 21 do not specifically relate to FedChoice or its actions, and are therefore neither admitted nor denied.

22.     The allegations in Paragraph 22 are generalized, unspecific, vague, contain legal conclusions, and do not specifically relate to FedChoice or its actions, and are therefore neither admitted nor denied.

23.     The allegations in Paragraph 23 are generalized, unspecific, vague, and do not specifically relate to FedChoice or its actions, and are therefore neither admitted nor denied.

24.     The allegations in Paragraph 24 are generalized, unspecific, vague, and do not specifically relate to FedChoice or its actions, and are therefore neither admitted nor denied

25.     The allegations in Paragraph 25 are generalized, unspecific, vague, and do not specifically relate to FedChoice or its actions, and are therefore neither admitted nor denied. FedChoice avers that it fulfills its legal responsibilities as a "furnisher" with due care and in accordance with law.

26.     The allegations in Paragraph 26 are generalized, unspecific, vague, and do not specifically relate to FedChoice or its actions, and are therefore neither admitted nor denied.

27.     The allegations in Paragraph 27 are generalized, unspecific, vague, and do not specifically relate to FedChoice or its actions, and are therefore neither admitted nor denied.

28.     FedChoice admits the allegations of Paragraph 28.

29.     The allegations in Paragraph 29 do not specifically relate to FedChoice or its actions, and are therefore neither admitted nor denied.

4

30.     The allegations in Paragraph 30 do not specifically relate to FedChoice or its actions, and are therefore neither admitted nor denied.   FedChoice also lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30.

## BALANCE DUE INACCURACY

31.     The allegations in Paragraph 31 are unspecified and are therefore neither admitted nor denied.   FedChoice denies that it provided inaccurate information to Experian.

32.     The allegations in Paragraph 32 are denied.   FedChoice properly reported the existence of this debt and that it was settled for less than full value.   Plaintiff knew of and agreed to this method of reporting, which is proper and lawful in any case.

33.     FedChoice admits that Plaintiff called FedChoice multiple times, on occasion together with his spouse, and expressed dissatisfaction with and threats against FedChoice about the proper reporting of his account.   FedChoice denies that Plaintiff ever submitted a "dispute" to FedChoice, as that term is used in the FCRA, to FedChoice.   FedChoice lacks knowledge and information sufficient to form a belief as to whether Plaintiff submitted a "dispute" to Experian, despite FedChoice advising Plaintiff in writing to submit a "dispute" to the CRAs if he contested the reporting on his credit report.   FedChoice was never provided notice of any such dispute by Experian.

34.     The allegations in Paragraph 34 do not specifically relate FedChoice or its actions, and are therefore neither admitted nor denied.

35.     The allegations in Paragraph 35 are generalized, unspecified, vague, do not directly relate to FedChoice or its actions (other than in the conditional, or as referring to a past allegation of which FedChoice is unaware), and are therefore neither admitted nor denied.   FedChoice avers that it at all time acted lawfully; that it did not receive any disputes under the CRA from Experian

regarding Plaintiff; that it properly reported Plaintiff's loan status, and that Plaintiff agreed to that characterization of Plaintiff's loan status as part of the settlement of his debt for less than full value, prior to the reporting of the loan status.

36.     The allegations of Paragraph 36 are denied.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1681e(b) BY EXPERIAN

37.     The allegations in Count I and its Paragraphs 37 through 56 do not specifically relate to FedChoice or its actions; are directed to a co-defendant, Experian, and are therefore neither admitted nor denied.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1681(i) BY EXPERIAN

57.     The allegations in Count II and its Paragraphs 57 through 68 do not specifically relate to FedChoice or its actions; are directed to a co-defendant, Experian, and are therefore neither admitted nor denied.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1681s-2(b) BY FEDCHOICE

69.     The allegations in Paragraph 69 contain recitals which do not require a response on the part of FedChoice.

70.     FedChoice denies the allegations of Paragraph 70.

71.     FedChoice denies the allegations of Paragraph 71.

72.     FedChoice denies the allegations of Paragraph 72.

73.     FedChoice denies the allegations of Paragraph 73.

6

## COUNT IV
## DEFAMATION BY FEDCHOICE

74.     The allegations in Paragraph 74 contain recitals which do not require a response on the part of FedChoice.

75.     FedChoice admits that on or about June 3, 2020, FedChoice accepted partial payment of the account in full satisfaction of the outstanding balance.  FedChoice denies the allegations of the second sentence of Paragraph 75.

76.     FedChoice denies the allegations of Paragraph 76.

77.     FedChoice denies the allegations of Paragraph 77.

78.     FedChoice denies the allegations of Paragraph 78.

79.     FedChoice denies the allegations of Paragraph 79.

80.     FedChoice denies the allegations of Paragraph 80.

81.     FedChoice denies the allegations of Paragraph 81.

82.     FedChoice denies the allegations of Paragraph 82.

## JURY TRIAL DEMAND

FedChoice denies that Plaintiff is entitled to demand a trial by jury specifically on the matters and claims of statutory damages, attorneys' fees, and costs, to the extent alleged, and demands strict proof thereof.  Plaintiff appears to concede this point in the final unnumbered paragraph of the Complaint.

FURTHER ANSWERING THE COMPLAINT, FedChoice denies that it is liable to the Plaintiff for the relief demanded, for any part of such relief, or for any relief at all.

FURTHER ANSWERING THE COMPLAINT, FedChoice denies any factual allegations not specifically admitted (including the rhetorical flourishes of the Complaint), demanding strict proof thereof.

7

FURTHER ANSWERING THE COMPLAINT, FedChoice interposes the following defenses. The articulation of a legal theory as a defense may be for clarification only; may include separate failures to allege or to be able to prove an essential element of Plaintiff's claims, and is not intended to change the burden of persuasion or burden of proof on any legal issue.

## FIRST DEFENSE

83.     The Complaint fails to state a claim as to which relief may be granted as against FedChoice in Counts III, IV, or otherwise overall.

## SECOND DEFENSE – REPORTING OF AGREED LANGUAGE

84.     Plaintiff borrowed money from FedChoice to purchase a used vehicle.

85.     Plaintiff went into default on his repayment obligations to FedChoice multiple times.

86.     By June 2020, Plaintiff's payoff balance owed to FedChoice was $6548.92.

87.     On or about June 2, 2020, Plaintiff proposed settling his balance owed by making a payment of $2,000. After discussions, FedChoice determined to accept $3,500 in payment of the outstanding debt. Plaintiff was apprised of this, and accepted.

88      Plaintiff paid $3,500 in settlement on June 4, 2020. As part of this settlement FedChoice processed a lien release on another vehicle owned by Plaintiff. Plaintiff was informed that his account would be reported as "settled for less than owed."

89.     On June 9, 2020, Plaintiff and his spouse called FedChoice to discuss their credit report. FedChoice advised Plaintiff that proper reporting would show that the balance was settled for less than was owed. Plaintiff requested a letter showing that he had met his settlement obligations.

8

90.     On June 9, 2020, FedChoice sent a letter to Plaintiff, stating as follows:

> Thanks for your recent settlement payment on your loan account with FedChoice Federal Credit Union. This letter serves as a paid in full confirmation; no further collection activity will continue as no balance is owe on this loan to Fed Choice FCU. As agreed, we will update the ma[j]or credit bureaus to reflect this account as settled for less than owed.

91.     Essentially identical letters, also dated June 9, 2020, were sent to Plaintiff, at his request.

92.     On or about July 13, 2020, Plaintiff requested another such letter to submit to his mortgage company.  FedChoice complied, and sent another essentially identical letter to the Plaintiff dated July 13, 2020.  Subsequent essentially identical letters were also sent to Plaintiff.

93.     On or about July 21, 2020, Plaintiff requested additional letters showing the settled auto balance, but also detailing account numbers.  FedChoice responded by e-mail on July 24, 2020:

> Mr. Johnson,
>
> Please excuse the delay in response. We are unable provide any additional letters regarding the auto loan balance that you settled with us. The letter provided to you earlier this month from our Recovery agent is the only letter we have available.
>
> If there is inaccurate information on your credit report, you must dispute it directly with the credit bureau.
>
> We thank you for your patience as we reviewed your request.
>
> Have a great day.

94.     Despite FedChoice's advice to Plaintiff in July of 2020 that he needed to file a dispute with the "credit bureau" (i.e., the CRA), Plaintiff did not do so.

95.     The language of which Plaintiff complains in both Counts against FedChoice, indicating that account was "settled for less than was owed" or words of similar import:

(a)     Was language expressly agreed-to by Plaintiff as part of his settlement of his outstanding balance for $3,500 rather than the substantially higher amount he owed, and Plaintiff should be estopped from claiming that language to be false or improper.

(b)     Was published initially at the request of Plaintiff.

(c)     Is true and accurate in all respects.

(d)     Is neither defamatory per se or per quod.

(e)     Is the proper reporting of this outcome under the FCRA.

## THIRD DEFENSE –NO VIOLATION OF FCRA DUTY

96.     Under the FCRA, a "furnisher" of information such as FedChoice has a duty to investigate, review, respond, and, if necessary correct, consumer information which arises "[a]fter receiving a notice of a dispute from a consumer."   15 U.S.C. § 1681s-2(a)(8)(E) (captioned, "Responsibility of Furnishers").

97.     The Complaint alleges violations on the part of FedChoice in failing to investigate, to review, to respond, and to change its reporting, in violation of 15 U.S.C. § 1681s-2(b).

98.     The duties imposed on a furnisher, such as FedChoice, under Section 2(b) are imposed only "after receiving notice pursuant to 1681i(a)(2) of a dispute" provided to a Credit Reporting Agency, such as Experian.  15 U.S.C. § 1681s-2(b)(1).

99.     Plaintiff never sent a "Direct Dispute" to FedChoice, although Plaintiff was at all times free to do so.  Although Plaintiff made calls (and threats) to FedChoice's call center and

responded to FedChoice's emails by reply email about Plaintiff's accounts, requests, and inquiries, no Direct Dispute ever was filed.

100.    Experian never sent any notice of a dispute by Plaintiff with Experian to FedChoice, as required as a prerequisite to FedChoice's duties.

101.    The first time FedChoice learned that plaintiff had some kind of issue with its reporting to the credit reporting bureaus of its settlement with Plaintiff was upon Plaintiff's calls to FedChoice's call center and the parties' emails exchanged thereafter on approximately July 21, 2020.

102.    FedChoice had no duty to investigate any dispute beyond verifying its own accurate records, and had no duty to correct its reporting which was already accurate.  There was no credit reporting error on the part of FedChoice as to the parties' settlement.  Instead, Plaintiff agreed to a settlement with terms that he later regretted and tried to alter after-the-fact to obtain better terms.

103.    In the absence of any notice of the filing of a dispute by Plaintiff with Experian, FedChoice is not liable to Plaintiff under the FCRA.

**FOURTH DEFENSE – DEFAMATION CLAIMS PRE-EMPTED/ /1681h(e)**

104.    The FCRA provides a comprehensive federal scheme for the regulation of the accuracy and dissemination of credit reporting information by furnishers and by CRAs.

105.    The FCRA provides, at Section 1681h(e):

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false

11

information furnished with malice or willful intent to injure
such consumer.

106.    The information furnished by FedChoice was not false.

107.    FedChoice at no time acted with malice or willful intent to injure the Plaintiff.

108.    The Complaint contains no factual allegations sufficient to permit a finder of fact
to conclude that FedChoice acted with malice or willful intent to injure the Plaintiff.

109.    Plaintiff's defamation claim against FedChoice is pre-empted by operation of
Section 1681h(e).

110.    To the extent Section 1681h(e) does not wholly pre-empt Plaintiff's defamation
claim against FedChoice, that section operates as a complete limitation of remedies for defamation
as against FedChoice.

**SIXTH DEFENSE – DEFAMATION CLAIMS PREEMPTED // 1681t(b)(1)(F)**

111.    The FCRA provides a comprehensive federal scheme for the regulation of the
accuracy and dissemination of credit reporting information by furnishers and by CRAs.

112.    The FCRA provides, at Section 1681t(b)(1)(F):

**(b)   General exceptions**      No requirement or prohibition may be
imposed under the laws of any State--

**(1)**   with respect to any subject matter regulated under—

* * * * *

**(F)**   section 1681s-2 of this title, relating to the responsibilities of
persons who furnish information to consumer reporting agencies.

113.    The FCRA violation alleged against FedChoice by Plaintiff relates to matters
within the scope of and regulated by Section 1681s-2.

114.    Plaintiff's defamation claim against FedChoice is pre-empted by operation of
Section 1681t(b)(1)(F).

12

115.    The Court of Appeals for the Fourth Circuit has not addressed whether this provision is limited to statutory claims, or also pre-empts state common-law claims, although a majority of district court decisions in this Circuit have limited the section to statutory claims. Most federal courts of appeals, and most federal decisions generally, have held that this provision contemplates pre-emption of both statutory and common-law claims. That broader re-emption view is the better-reasoned opinion. To the extent needed, FedChoice asserts this defense under Fed. R. Civ. P. 11(b)(2), which permits "claims, defenses, and other legal contentions [which] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

## SIXTH DEFENSE

116.    At all times, FedChoice maintained reasonable policies and procedures for addressing and responding to claims of errors in credit reporting.

## SEVENTH DEFENSE

117.    The damages alleged to have been suffered by Plaintiff are remote and speculative.

## EIGHTH DEFENSE

118.    The Complaint fails to set forth sufficient allegations and any indication that the actions or inactions of FedChoice, as alleged, were "willful", conducted "with malice", "deliberate", "intentional", or conducted with "reckless disregard for the interests and rights of Plaintiff" in Counts III and IV or overall.

## NINTH DEFENSE

119.    There is no or insufficient basis alleged for justification of Plaintiff's recovery of punitive damages in Counts III and IV or overall.

**TENTH DEFENSE**

120.     The Complaint fails to set forth sufficient allegations that FedChoice had "actual knowledge" or "substantial evidence" of Plaintiff's dispute as to the accuracy of reporting on the account in Counts III and IV or overall.

**ELEVENTH DEFENSE**

121.     The Complaint fails to set forth sufficient allegations of the alleged "multiple additional occasions" after June 3, 2020, such as by date, party, and method of communication, *etc.,* in which FedChoice was purportedly notified by Experian or Plaintiff of the issue with accuracy in reporting as to Plaintiff's account in Counts III and IV or overall.

**TWELFTH DEFENSE**

122.     The truth of the statements pled is a defense to Plaintiff's allegations of defamation against FedChoice made in Count IV.

123.     FedChoice's lack or either willfulness or negligence makes any such statements as may have been made not wrongful, an essential element of a defamation claim under Maryland law.

**THIRTEENTH DEFENSE**

124.     The injuries, damages, or losses of which Plaintiff complains were caused (at least in part, if not fully) by Plaintiff's own actions or inactions.

**FOURTEENTH DEFENSE**

124.     The injuries, damages, or losses of which Plaintiff complains were caused, at least in part if not fully, by a fellow servant or third party instead of FedChoice.

WHEREFORE, said premises being considered, FedChoice Federal Credit Union, by counsel, respectfully requests that the Complaint against FedChoice be dismissed; that Plaintiff

take nothing; that FedChoice be awarded its costs incurred, and that FedChoice be awarded its attorneys' fees and non-cost expenses as set forth above.

Respectfully Submitted,

June 17 2021

**FEDCHOICE CREDIT UNION SERVICE ORGANIZATION, LLC, actually known as FEDCHOICE FEDERAL CREDIT UNION**

By:     /s/      *John M. Bredehoft*
        John M. Bredehoft
        Maryland Federal Bar No. 04043
        KAUFMAN & CANOLES, P.C.
        150 West Main Street, Suite 2100
        Norfolk, Virginia 23510
        Tele:   (757) 624-3225
        Fax:    (888) 360-9092
        jmbredehoft@kaufcan.com

**<u>CERTIFICATE OF SERVICE:</u>**

I hereby certify that on this 17th day of June, 2021, I caused the foregoing Answer to be served on counsel of record in this case through the Court's ECF system, and also sent a copy via U.S. first class mail, postage prepaid, addressed to:

Kevin C. Williams, Esq.
Law Office of Kevin Williams, LLC
8403 Colesville Road, Suite 1100
Silver Spring, MD 20910
*Counsel for Plaintiff*

and to:

Experian Information Solutions, Inc.
c/o The Corporation Trust, Incorporated
2405 York Road, Suite 201
Lutherville Timonium, MD 21093
*Defendant*

/s/      *John M. Bredehoft*
John M. Bredehoft

KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
Tele:   (757) 624-3225
Fax:    (888) 360-9092
jmbredehoft@kaufcan.com
*Counsel for Defendant, FedChoice Credit Union Service Organization, LLC, actually known as FedChoice Federal Credit Union*

16

19576479